Will the clerk please call the next case? 4-16-0231, Laura Peverelle v. Workers' Compensation Comm'n Counsel, you may proceed. May it please the court, counsel. Good morning, your honors. I'm Bill Schmitz from Spiro's Law, appearing on behalf of the appellant, Laura Peverelle. The question presented today is whether Ms. Peverelle is entitled to TPD when she worked two jobs at the time of her accident, her work accident. As a result of that work accident, she was given work restrictions, which rendered her physically incapable of working her primary job at Gibson Area Hospital. And meanwhile, she had a concurrent as-needed position at Christie Clinic, that she was not offered any work at Christie Clinic. The applicable standard of review is de novo, because the spot of inquiry is whether Ms. Peverelle's condition had stabilized. So the facts relevant to the court's determination for TPD are undisputed. It's undisputed that Ms. Peverelle suffered her work accident. It's undisputed that she was prescribed work restrictions. It's undisputed she was unable to work for a respondent during the disputed period. And it's undisputed that her condition did not stabilize. Accordingly, all the relevant facts the court needs in order to determine whether she was entitled to TPD are not disputed, and thus the court can review or apply a de novo standard of review. Now, counsel would argue, and the commission and circuit court found, that because Ms. Peverelle was physically capable of performing her second job at Christie Clinic, that because that's a factual finding, the standard of review at the circuit court would be manifest way to the evidence. Now, whether or not Ms. Peverelle could physically work her second job, I posit, is irrelevant in this case, at least for determining whether she's entitled to TPD, because there's been no showing that she was ever offered any work at that secondary, as-needed, part-time job at Christie Clinic. Without any evidence in the record showing that she was offered some work there, there's no basis for her needing to show that she could or could not work. If there was no work offered, it's irrelevant whether she could or could not work there. Thus, because it's undisputed that she couldn't work at Gibson, TPD should be awarded because she had not reached MMI. Even if the court does decide not to apply a de novo standard of review, the court should still overturn the circuit court and commission decisions reducing the amount of TPD awarded to Ms. Peverelle by the arbitrator, because the findings of the commission and the decision of the commission is against the manifest way to the evidence. Now, the commission focused, again, on whether Ms. Peverelle was physically capable of performing her work at Christie Clinic. There's absolutely no evidence in the record that a felon was ever offered work within her restrictions. Counsel, based on the commission's findings, argues that Ms. Peverelle simply refused to work in a position that fell within those prescribed by her treating physician. Now, had Ms. Peverelle refused work which was offered to her by Christie Clinic, she would not be entitled to TPD under an exception to the rule that even if an injured worker's condition has not stabilized, if she refuses work offered to her within her restrictions, then she's not entitled to TPD. Again, there's simply no evidence in the record to support the assertion that Ms. Peverelle was either offered work within her restrictions or that she refused any work within her restrictions. Now, the commission did also note that there was no supporting testimony, supporting witnesses, or supporting documentation for Ms. Peverelle's testimony at arbitration that she attempted to go back to work at Christie Clinic and was not offered any work within her restrictions at Christie Clinic. Now, there's a litany of cases in the state of Illinois which say that a claimant's testimony alone may be sufficient to support an award of benefits under the Act so long as the weight of the evidence is not against that testimony. Republic Steel is one of those cases. Another is the University of Illinois versus the Industrial Commission. And in this case, the weight of the evidence simply is not against Ms. Peverelle's testimony that she attempted to go back to work at Christie Clinic and was not offered any work by Christie Clinic. It's unrebutted testimony and there's just simply no evidence in the record to dispute it. Now, again, the commission's comments that there were no supporting documents or witnesses, there really is no affirmative duty in Illinois for a petitioner to offer supporting documentation or witness testimony for unrebutted testimony. So that's really an arbitrary test or requirement that the commission is requiring of Ms. Peverelle in order to prove her case. And so for that reason, the commission's decision was against the weight of the evidence. The opposite conclusion is clearly apparent because we have a petitioner's testimony that she attempted to go back to work at Christie Clinic and that none was offered to her and we have nothing rebutting that testimony. The requirement that she should submit supporting documentation or other evidence isn't an arbitrary requirement and so facts are undisputed in this case. Petitioner's condition had not stabilized from the time that she was put on white duty restrictions until the time of hearing. For that entire period, it's undisputed that she was unable to work at Gibson. She was not offered any work at Christie Clinic. And for that reason, we request that the court reverse the commission's decision on the issue of TTD. As the case, you're mandated with an order that respondent shall pay TTD benefits for the 72- and 37-week period from January 8, 2013 to May 30, 2014. Thank you, Your Honors. Thank you, Counselor. We have time for one more question. Counsel, you may respond. Good morning. Good morning. May it please the Court, Counsel. Victor Shane on behalf of the respondent, defendant at Pulley-Gibson Area Hospital. I see that the case of interstate scaffolding is a very popular one with all the petitioners with respect to temporary total disability. But in the case itself, it says the period in which a claimant is temporary and totally disabled is a question of fact. So the standard that counsel submits to you, I believe, is incorrect. It is brought out very clearly in interstate scaffolding. It goes on to say that the determination of whether the person is temporary and totally disabled lies within the commission and that it will not be reversed unless, of course, it's against the manifest weight of the evidence. By that, is there clearly an obvious inclusion that can be placed on this? Is there not sufficient evidence here enough to show that Ms. Peverelli was capable of going back to some employment? Interstate scaffolding did carve out the one exception which stated that if an injured worker is offered a light-duty job, that fits within the restrictions of her treating physician, and she refuses that job, well then, at that point, benefits can cease. In this particular claim, the treating physician, Dr. Fletcher, released Ms. Peverelli to a job restricting her to 20 pounds lifting and 20 pounds pushing and pulling. Her own testimony with respect to Christie Clinic, which was concurrent employment, was that she checked in patients, worked on a computer, helped fill out applications that were submitted to them. Clearly sedentary at the time. Her own testimony further was that when asked, were you able to work that job? She at first kind of hemmed and hawed around the question, but she said, back in January 2013, I probably could have worked it. I think that the commission, based upon the evidence that was presented to them at the time, the testimony of the petitioner, felt that she was capable of working that sedentary employment, but failed to do so at that time. Interstate scaffolding, when you come back, they're arguing that since she had yet to reach maximum medical improvement, that we should have paid T&TD all along. The problem with that, though, is that if that's the standard that we're going to have to go with the Supreme Court ruling, is that there's never going to be any light-duty release. Because unless that person reaches medical maximum improvement, you are forever continuing to pay T&TD. I think one of the attorneys was asked this morning to define T&TD. I submit to this court that is exactly what that is. It's where they are temporary and totally incapable of working whatsoever. Where a treating physician allows the claimant to go back to a job with restrictions. At that point, she's not totally disabled. She can work restricted duty. I'm not saying to you that if Gibson Area Hospital, if she went back to them like she did, asked for a job back and they wouldn't accommodate her, okay, that's one thing. But she was already working a job concurrently at the same time. We're not asking her to go out and find a job that fits the restrictions. She's working it. And I think the commission found that. That's why it was upheld by the circuit court. And that's why I think that the standard should be upheld here today. Very good. Thank you, counsel. Counsel, you may reply. Counsel argues that there's sufficient evidence to show that Ms. Peverell could work some other employment or that because there's sufficient evidence to show she could have worked some other employment, that she would not be entitled to TTE because she may have been physically capable of performing her work at Christy Clinic. Well, she said that. Yes, she did say that. She did testify to that, Your Honor. The problem is she also testified that she attempted to go back and work at Christy Clinic within her restrictions, but that no work within her restrictions was ever offered to her by Christy Clinic. Now, if an employer does not offer work within an employee's restrictions, then their other option is to pay them TTE. No employer is required to give work within an employee's restrictions. Now, to be fair, her work at Christy Clinic truly was a sedentary job, which would have been within her restrictions, but it was an as-needed part-time employment position. So you're saying if Gibson City Area Hospital had offered her an intake position that obviously didn't require anything in terms of lifting beyond 20 pounds, then you wouldn't be here? That's exactly what I'm saying, Your Honor. But you're saying that the record would support that Christy Clinic, same job, was not a predictable job? So what the record would support is that even if she could have physically perhaps worked her job at Christy Clinic, because she was never offered that job, she was never given any work at that job, she was physically unable of working her job at Gibson. And the facts are undisputed that she was on work restrictions as a result of her work accident, and she had not reached maximum medical improvement for the entire period.  The primary employer did not offer any work within her restrictions, and her secondary employer did not offer her any work within her restrictions either. But if the secondary employer was a predictable employer, could offer her that position, the primary benefits from that? I don't know that I'm at liberty to say whether the primary benefits from that, but it would appear as such that they might. And it is a unique situation where she did work two jobs at the same time with differing levels of mobility requirements and different job duties. But in this case, again, interstate scaffolding, the dispositive inquiry is whether Petitioner's condition had stabilized. It's undisputed that it did not stabilize. So you think that's interstate scaffolding? I think the court in interstate scaffolding noted that the dispositive inquiry to determine temporary total disability is whether the Petitioner's claimant's condition has stabilized. The opposing counsel says that throws out a lot of this. I respectfully disagree, and I think the Supreme Court would disagree as well. Have you already said that? Yes, Your Honor. And I would still submit that Ms. Pepperell is entitled to DTD for the entire period from January 8, 2013 to May 30, 2014 because the condition had not stabilized and she was unable to work during that period. Thank you, Your Honor. Thank you, counsel, both for your arguments in this matter. We'll be taking our advisement that this position shall issue.